### Thomas O'Brien v. Burnett Fulkerson.

*Corporations—Stockholder—Action for personal labor.*

A subscriber to the capital stock of a manufacturing company, which never had a stock-transfer book or record, under an agreement with its principal stockholder and president that he would pay for the subscription, which he did, and with the right to take the stock at any time within one year on payment to him in labor of 50 per cent. of its par value, but to whom no certificate of stock was ever issued, and who within three months after so subscribing notified said president that he would not take said stock, to which that officer assented, and said subscriber never acted or was regarded as a stockholder, or received any benefit as such, nor paid anything for the stock, is *not* a stockholder of said corporation.

Error to Kent. (Grove, J.) Argued June 5, 1889. Decided June 28, 1889.

Action to recover for personal labor against a stockholder in a manufacturing corporation. Plaintiff brings error. Affirmed. The facts are stated in the opinion and Reporter's note.

*D. E. Corbitt,* for appellant.

*More & Wilson,* for defendant.

SHERWOOD, C. J.    This action is brought by the plaintiff under section 29 of Act No. 232, Laws of 1885, to recover for his personal labor against a stockholder in a manufacturing company organ zed under the law of 1875 (How. Stat. § 4127, *et seq.*), and located at Newaygo, in this State, and known as the "Newaygo Company."

Said company was organized on the seventh day of July, 1880. The articles of association, which were duly acknowledged, were filed in the office of the Secretary of State, and a duplicate of the same, *unacknowledged,* was also filed in the office of the clerk of Newaygo county.

In these articles the defendant's name appears as one of eight stockholders, who organized the company, and also as a subscriber for 130 shares of the company's stock; the capital stock of the corporation being $100,000, and divided into shares of $25 each.    The defendant contends, however, that he never was in fact a stockholder.

The plaintiff, on the nineteenth day of September, 1887, obtained a judgment against the Newaygo Company for $788.55 damages and $21.60 costs.    Execution on this judgment was issued, and returned unsatisfied, before this suit was commenced.    The labor for which the plaintiff claims was rendered for the company between May, 1881, and November of that year, and from February, 1883, to October, 1884.

The trial was had in the Kent circuit before Judge Grove, without a jury.    The judge made a finding of facts, and also found, as questions of law:

"1. That the statute gives no right to bring suit against the stockholders of the Newaygo Company jointly.

"2. That Fulkerson was not a stockholder of the Newaygo Company at the time when its indebtedness to the plaintiff arose, or at any time thereafter."

The findings of law were excepted to by the plaintiff's counsel. No exceptions, however, were taken to the judge's finding of the facts.

By reason of the plaintiff's discontinuance of his suit against all the persons sued except the defendant, the first finding of law becomes of no importance.

The correctness of the second finding of law depends altogether upon the facts found from the evidence by the court, and, no exception having been taken to such findings, they must be held correct; and from them we are unable to discover how any other judgment could have been given than the one entered by the learned circuit judge, and it must therefore be affirmed.

The course pursued in the case by the plaintiff upon the trial, and the action adopted by him since, renders a discussion of the many interesting questions raised by counsel in their briefs entirely unnecessary, and no opinion is given thereon.

The other Justices concurred.

---

The following additional facts were found by the trial judge:

1. That defendant became a subscriber under an agreement with the principal stockholder that he would pay the subscription, which he did, and with the right to take the stock at any time within one year on payment to *him* in labor of 50 per cent. of its par value; but no certificate of stock or other evidence of interest in the company was ever issued, nor did the corporation ever have a stock-transfer book or record.

2. That about three months after making such subscription the defendant notified said stockholder, who was president of the corporation, that he would not take said stock, to which that officer assented, and the defendant never acted or was regarded as a stockholder, or received any benefits as such, nor did he ever pay anything for the stock.—REPORTER.